**Ronald Lynn GIBSON, Appellant,**

v.

**The STATE of Texas, State.**

**No. 2–96–491–CR.**

Court of Appeals of Texas,
Fort Worth.

Aug. 7, 1997.

Publication Ordered Sept. 2, 1997.

Richard Lee Griffin, Fort Worth, for Appellant.

Tim Curry, Crim. Dist. Atty., Chuck Mallin, John A. Stride, Andrea Rentie, Reed O'Connor, Asst. Crim. Dist. Attys., Fort Worth, for Appellee.

Before LIVINGSTON, DAUPHINOT and RICHARDS, JJ.

## OPINION

DAUPHINOT, Justice.

Appellant Ronald Lynn Gibson was convicted by a jury of felony driving while intoxicated ("DWI") upon his plea of not guilty. The judge assessed his punishment at 12 years' confinement in the Institutional Division of the Texas Department of Criminal Justice. Appellant brings five points of error arguing that evidence was improperly admitted and that the evidence was both legally and factually insufficient to support the judgment that he had been twice previously convicted of DWI. We affirm.

### RELEVANT BACKGROUND

The indictment alleged two prior final DWI convictions, both from Taylor County, Texas. Appellant did not object to evidence of his conviction in Cause No. 10,025–B and stipulated that he was the person convicted in that case. Appellant did object to all evidence of the 1986 conviction in Cause No. 70,594. The State's exhibits in Cause No. 70,594 were:

- Exhibit 4, Affidavit, Complaint, Judgment, and Sentence
- Exhibit 6, Copy of Appellant's Texas Driver's License
- Exhibit 7, Appellant's Partial Driving Record Maintained by Texas Department of Public Safety

Appellant argues that because these three exhibits, the only evidence of the 1986 conviction, were improperly admitted, the evidence is both legally and factually insufficient to support the judgment and the jury's finding that he was finally convicted of the 1986 offense.

### EXHIBIT 4: THE AFFIDAVIT, COMPLAINT, JUDGMENT, AND SENTENCE

■ The complaint made on appeal must comport with the complaint made in the trial court or the error is waived.[1] At trial, Appellant objected to State's Exhibit 4 on the grounds that the proper predicate had

---

1. See Butler v. State, 872 S.W.2d 227, 237 (Tex. Crim.App.1994), cert. denied, 513 U.S. 1157, 115 S.Ct. 1115, 130 L.Ed.2d 1079 (1995); Rezac v. State, 782 S.W.2d 869, 870 (Tex.Crim.App.1990).

not been laid, that the exhibit was not relevant under Texas Rules of Criminal Evidence 403 and 404, and that the exhibit had not been tied to him. On appeal, however, he complains that State's Exhibit No. 4 was not certified. Because Appellant's complaint on appeal is different from his objection at trial, he has waived any error regarding the admission of State's Exhibit 4.[2] Appellant's first point of error is overruled.

## EXHIBIT 6: COPY OF APPELLANT'S TEXAS DRIVER'S LICENSE

■ Appellant argues State's Exhibit 6 was improperly admitted because it was neither authenticated nor certified. He argues that State's Exhibit 6 was admissible neither under rule 901(b)(7) nor rule 902(4).[3] Although this issue has not been addressed by the Texas Court of Criminal Appeals, it has been addressed by our sister court of the first district in Houston in *Spaulding v. State.*[4]

A photograph of Spaulding's driver's license was submitted with Spaulding's driving record. As in the case before us, the photograph of the driver's license, while certified, contained no seal. Although rules 901 and 902 require the testimony of an identifying witness to authenticate a document that is not self-authenticating,[5] the Court of Criminal Appeals has held that rule 901 does not limit the types of extrinsic evidence that can be used to authenticate a document.[6]

In *Spaulding,* unlike the case before this court, the photograph of the driver's license was included in an exhibit which was signed and certified under seal by the DPS manager of drivers' license records. The remaining portion of the exhibit was a report that stated that the information it contained was true and correct as taken from official DPS records. Included in that information was a description of Spaulding's driver's license that matched exactly the information reflected on the photograph of the driver's license. The Houston Court of Appeals held that the driver's license fell within the scope of Texas Rule of Criminal Evidence 901(b)(7) and that the certified report was "sufficient extrinsic evidence that the photograph of appellant's driver's license was authentic and from official DPS records."[7]

In the case before us, the driver's license was offered as a separate exhibit from the Department of Public Safety records. The question, then, is whether the photograph of the driver's license must be part of the exhibit which was certified and under seal in order to fall within the scope of rule 901(b)(7).

As in *Spaulding,* the DPS report (State's Exhibit 7) was signed and certified under seal by the DPS manager of drivers' license records. Also as in *Spaulding,* the report states that the information it contains is true and correct as taken from the official DPS records. Included in the report is a description of Appellant's driver's license that matches exactly the information reflected in the photograph of the driver's license (State's Exhibit 6).

As the *Spaulding* court pointed out, the Department of Public Safety is a public office or agency.[8] The department is required to issue a driver's license to every qualified applicant who pays the required fee; DPS is authorized to photograph all records in connection with the issuance of the driver's license.[9]

We hold that State's Exhibit 7, the certified DPS report, is sufficient extrinsic evidence that State's Exhibit 6, the photograph of Appellant's driver's license, is authentic

2. *See Butler,* 872 S.W.2d at 236; *Rezac,* 782 S.W.2d at 870.

3. *See* Tex.R.Crim. Evid. 901(b)(7), 902(4).

4. 896 S.W.2d 587, 589–90 (Tex.App.—Houston [1st Dist.] 1995, no pet.).

5. *See* Tex.R.Crim. Evid. 901, 902.

6. *See Reed v. State,* 811 S.W.2d 582, 586 (Tex. Crim.App.1991) (op. on reh'g).

7. *Spaulding,* 896 S.W.2d at 590.

8. *See id.; Cole v. State,* 839 S.W.2d 798, 803 (Tex.Crim.App.1990) (DPS is a governmental agency with law enforcement authority).

9. Tex. Transp. Code Ann. §§ 201.501(a), 521.181 (Vernon Supp.1997).

and from official DPS records despite the fact that it is not a part of the authenticating exhibit. It is only necessary that the threshold question of predicate be satisfied. Rule 901(b)(7) does not establish the weight to be given to the exhibit, but merely its admissibility. The strength or weakness of the predicate for admissibility, in this case the driver's license's authentication, goes to the weight the jury ascribes to that particular piece of evidence.[10] Appellant's second point of error is overruled.

## EXHIBIT 7: APPELLANT'S PARTIAL DRIVING RECORD

■ Appellant argues that State's Exhibit 7, although self-authenticated under Texas Rule of Criminal Evidence 902(4), is inadmissible because it contains hearsay. Appellant argues that this issue was not addressed in *Spaulding*. Appellant is incorrect. The report referred to in *Spaulding* is exactly like the report in the case before us, except that State's Exhibit 7 does not contain the photograph of Appellant's driver's license. Just as in *Spaulding*, the report states that the information it contains is true and correct as taken from official DPS records. Included in the information is a description of Appellant's driver's license that matches exactly the information reflected on the photograph on his driver's license. As in *Spaulding*, the report is properly certified.[11] We further find that the report in Appellant's case was prepared for purposes independent of specific litigation, and that it was a ministerial, objective

observation of an unambiguous factual nature.[12]

We hold that the language contained in State's Exhibit 7 is not hearsay, but rather information taken from official DPS records setting forth matters observed pursuant to a duty imposed by law as to which matters there was a duty to report.[13] Appellant's third point of error is overruled.

## SUFFICIENCY OF THE EVIDENCE

■ In reviewing the legal sufficiency of the evidence to support a conviction, we view the evidence in the light most favorable to the verdict.[14] The critical inquiry is whether, after so viewing the evidence, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.[15] This standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts.[16]

The legal sufficiency of the evidence is a question of law. The issue on appeal is not whether we as a court believe the State's evidence or believe that the defense's evidence outweighs the State's evidence.[17] The verdict may not be overturned unless it is irrational or unsupported by proof beyond a reasonable doubt.[18]

This court also has the authority to review the factual sufficiency of the evidence in a

---

10. *See Hutchinson v. State*, 642 S.W.2d 537, 538 (Tex.App.—Waco 1982, no pet.) (proper predicate for admission of computer printout did not require showing beyond the requirements for authentication, rather, such a showing would go to weight of the evidence); *see also DeLeon v. State*, 505 S.W.2d 288, 289 (Tex.Crim.App.1974); *Garner v. State*, 939 S.W.2d 802, 804–05 (Tex.App.—Fort Worth 1997, pet. ref'd) (gaps in chain of custody go to weight of the evidence, not its admissibility).

11. *See Spaulding*, 896 S.W.2d at 589.

12. *See* Tex.R.Crim. Evid. 803(8); *Cole*, 839 S.W.2d at 805, 810.

13. We note that this court has previously held that a DPS driving record is admissible under rule 803(8). *See Abbring v. State*, 882 S.W.2d 914, 915 (Tex.App.—Fort Worth 1994, no pet.).

14. *See Narvaiz v. State*, 840 S.W.2d 415, 423 (Tex.Crim.App.1992), *cert. denied*, 507 U.S. 975, 113 S.Ct. 1422, 122 L.Ed.2d 791 (1993).

15. *See Emery v. State*, 881 S.W.2d 702, 705 (Tex. Crim.App.1994), *cert. denied*, 513 U.S. 1192, 115 S.Ct. 1257, 131 L.Ed.2d 137 (1995).

16. *See Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560, 573 (1979).

17. *See Matson v. State*, 819 S.W.2d 839, 846 (Tex.Crim.App.1991); *Wicker v. State*, 667 S.W.2d 137, 143 (Tex.Crim.App.), *cert. denied*, 469 U.S. 892, 105 S.Ct. 268, 83 L.Ed.2d 204 (1984).

18. *See Matson*, 819 S.W.2d at 846.

criminal case.[19] In reviewing the factual sufficiency of the evidence to support a conviction, we are to view "all the evidence without the prism of 'in the light most favorable to the prosecution.'"[20] We may only set aside the verdict if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust.[21]

Having found that State's Exhibits 4, 6, and 7 were properly admitted, we find that the evidence is both legally and factually sufficient to support the judgment. Appellant's fourth and fifth points of error are overruled. The judgment of the trial court is affirmed.

**19.** *See Clewis v. State,* 922 S.W.2d 126, 129–30 (Tex.Crim.App.1996).

**20.** *Id.* at 129 (citing *Stone v. State,* 823 S.W.2d 375, 381 (Tex.App.—Austin 1992, pet. ref'd, untimely filed)).

