# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-02-00037-CR

**Elizabeth Bernadette Ball, Appellant**

**v.**

**The State of Texas, Appellee**

**FROM THE DISTRICT COURT OF DENTON COUNTY, 367TH JUDICIAL DISTRICT
NO. F-2001-0874-E, HONORABLE JOHN G. STREET, JUDGE PRESIDING**

Appellant Elizabeth Bernadette Ball appeals her conviction for a third degree felony—operating a motor vehicle in a public place while intoxicated. *See* Tex. Pen. Code Ann. '' 49.04, 49.09(b) (West Supp. 2002). The jury assessed appellant=s punishment at five years= imprisonment.

### Points of Error

Appellant advances four points of error. First, she contends that the trial court erred in denying her motion to suppress an intoxilyzer expert=s testimony. Second, appellant urges that the trial court erred in improperly instructing the jury on the law after receiving a note from the jury during its deliberations. Third, appellant asserts that the trial court erred in denying his motion to dismiss the case because of the Adestruction of exculpatory and material evidence.@ Fourth, appellant argues that the trial court erred in denying his motion for an instructed verdict because of the Afailure of proof of the enhancement paragraphs in the indictment.@ We will affirm the judgment of conviction.

## Indictment

The indictment in pertinent part charged that appellant on or about March 3, 2001, did then and there:

> drive and operate a motor vehicle in a public place, while the said defendant was then and there intoxicated, to wit: not having the normal use of [her] mental or physical faculties by reason of the introduction of alcohol, a controlled substance, a drug, *or* a combination of two or more of those substances into the body, *or* having an alcohol concentration of 0.08 or more.

(Emphasis added).

The indictment also charged two prior DWI or OWI convictions for enhancement purposesCa 1993 conviction in Denton County and a 1995 conviction in Tarrant County.

## Background

On March 3, 2001, at approximately 11:00 p.m., Texas Department of Public Safety Trooper Clair Barnes was on patrol in Denton County when he saw a white Ford automobile, traveling ahead of him, commit two traffic violations, including running a stop sign. Barnes initiated a traffic stop and found appellant behind the wheel of the automobile. Barnes observed that appellant=s eyes were glassy, that there was an odor of alcohol on her breath, and that her speech was slurred. Appellant told Trooper Barnes that she had consumed two beers, after which she went to a bar to pick up her boyfriend and when he did not want to leave, she left. When appellant got out of the car, she swayed and had difficulty maintaining her balance. Appellant failed three field sobriety tests. Barnes concluded that appellant was intoxicated and had lost the normal use of her physical and mental faculties.

Appellant was arrested at 11:35 p.m. and taken to the Denton County jail. Barnes read the statutory warnings to appellant and requested that she give a breath test. She agreed. Barnes, a certified intoxilyzer operator, performed the test on an Intoxilyzer 5000. A technical supervisor informed the jury that appellant=s two breath tests revealed alcohol concentration of 0.139 and 0.132 grams per 210 liters of breath; that these tests were taken at 1:07 a.m. and 1:10 a.m. on March 4, 2001; and these tests showed an alcohol concentration exceeding 0.08 which is the legal standard of intoxication in Texas. In his opinion, appellant was intoxicated and had lost the normal use of her mental and physical faculties. The State proved the prior convictions by certified copies of judgments and sentences along with the testimony of a fingerprint expert that appellant=s known prints were identical to the prints in the certified court documents.

Ms. Dean Roberts, a defense witness, testified that she was a friend and co-worker of appellant, that appellant was at her house between 8:00 and 10:00 p.m. on March 3, 2001, that appellant had entered her house with a beer but had nothing else to drink for two hours; and that appellant was not intoxicated at the time. The witness stated that appellant had a hip injury and limped when she walked. Amanda Roberts, daughter of Dean, testified that she was at the J. Bar on the night in question, and that appellant came to the bar at approximately 10:00 p.m. and left at 10:30 p.m. Amanda testified that at the time appellant was not intoxicated and she had nothing to drink at the bar but water. She worked with appellant and knew appellant had a hip injury and limped when walking.

At the conclusion of the guilt/innocence stage of the trial, the jury returned a general verdict finding appellant guilty Aas alleged in the indictment.@ When different theories of the offense as alleged are submitted to the jury in the disjunctive, as they were in the instant case, a general verdict is sufficient if the

evidence supports one of the theories. *See Fuller v. State*, 827 S.W.2d 919, 931 (Tex. Crim. App. 1992); *Kitchens v. State*, 823 S.W.2d 256, 257-58 (Tex. Crim. App. 1991).

**The Motion To Suppress**

In the first point of error, appellant complains that the trial court erred in denying her motion to suppress an intoxilyzer expert from testifying as to the retrograde extrapolation of her intoxication. ARetrograde extrapolation is the computation back in time of the blood alcohol level that estimates the blood alcohol level at the time of driving on a test from some later time.@ *Mata v. State*, 46 S.W.3d 902, 908-09 (Tex. Crim. App. 2001); *Price v. State*, 59 S.W.3d 297, 300 (Tex. App.CFort Worth 2001, pet. ref=d).

The matter was first broached in a pretrial hearing on appellant=s Amotion in limine to preclude the bad-faith admission of any intoxilyzer evidence before the jury.@ The State disclaimed any intention of using retrograde extrapolation evidence in the prosecution of the case. The trial court overruled the particular motion before it but advised appellant=s counsel that it would permit voir dire examination at trial of any alleged intoxilyzer expert witness prior to his testimony. Counsel then announced that the motions to suppress regarding an intoxilyzer expert would be urged at trial since voir dire examination would be available. There was no ruling obtained on any pretrial motion to suppress evidence.

At trial, the State called Alvin Finkley, a certified technical supervisor, who taught the use, maintenance, and repair of the Intoxilyzer 5000. Appellant took Finkley on voir dire examination in the absence of the jury. It was established that Finkley was to testify to the maintenance of the intoxilyzer machine on which the breath test was conducted and the results of that test. Finkley disclaimed any ability

**4**

to testify about retrograde extrapolation evidence. He would not speculate whether the test results of 0.132 was higher, lower, or the same at the time appellant was operating a motor vehicle.

At the conclusion of the voir dire examination, contrary to her contention on appeal, appellant objected to the admissibility of the intoxilyzer testing, its results, and Finkley=s testimony, because Finkley could not relate what appellant=s blood alcohol would have been two hours before the breath test when she was operating a motor vehicle. The trial court overruled appellant=s objection.

In *Price*, the court held:

> In his second point, appellant complains that the trial court erred in admitting the results of the breath test because the State failed to provide a retrograde extrapolation to relate the breath test back to the time of appellant=s alleged driving under the influence of alcohol. Retrograde extrapolation is not required to admit intoxilyzer tests results, however, if other evidence proves beyond a reasonable doubt that a person was intoxicated when the offense occurred. *See Forte v. State*, 707 S.W.2d 89, 94-95 (Tex. Crim. App. 1986) (holding that defendant committed DWI offense without consideration of extrapolation evidence); *O=Neal v. State*, 999 S.W.2d 826, 832 (Tex. App.CTyler 1999, no pet.) (determining that extrapolation not required to find defendant guilty of intoxication per se).

*Price*, 59 S.W.3d at 300. *Price* supports the trial court=s ruling.

Appellant=s reliance upon *Mata* is misplaced. There, the Court of Criminal Appeals established the factors that must be shown before retrograde extrapolation evidence is admissible. 46 S.W.3d at 915-16. The operating while intoxicated conviction was reversed because the trial court abused its discretion in admitting that part of the State=s expert=s testimony pertaining to retrograde extrapolation of Mata=s blood alcohol content. The factors in *Mata* weighed against the reliability of that part of the expert=s

**5**

testimony. *Id.* at 917. *Mata* does not hold that admissible retrograde extrapolation evidence is a predicate to admit intoxilyzer results.

Appellant withdrew his pretrial motion to suppress evidence. There is no trial court ruling on such motion of which appellant can complain. The State did not offer retrograde extrapolation evidence nor was such evidence a predicate to prove intoxication as alleged. Appellant=s double-edged argument is without merit. Appellant=s first point of error is overruled.

**A Supplemental Instruction?**

In the second point of error, appellant presents the question: AWhether or not the trial court erred by instructing the jury on the law in a note to the jury during deliberations.@ Specifically, appellant complains that the trial court, over objection, instructed the jury on the law and included the contents of a form (DIC24) that had never been admitted into evidence.

During jury deliberations at the guilt/innocence stage of the trial, a note was received from the jury which was read into the record by the trial court: ABy law, should she [defendant] have been informed that she had the right to refuse a field sobriety test and the breathalyzer test? Could we have a copy of the form used to read to her in the intoxilyzer room?@

A colloquy followed the reading of the note as to what procedure to follow. Both parties agreed that Trooper Barnes testified that he had warned appellant of the ramifications of the intoxilyzer test if the results were above the legal limit and the consequences of refusing the test. There was much confusion about whether form DIC23 (sworn report) or form DIC24 (warnings concerning taking of intoxilyzer test) had been introduced into evidence. Actually, the DIC23 form had been admitted into evidence, not the

**6**

DIC24 form. There were proposals and counter-proposals regarding a response to the jury note. Appellant objected to Agoing outside the record@ or recounting testimony when the trial court proposed telling the jury that the form which Barnes testified was read to appellant informed her that she did not have to take the breathalyzer test. No rulings were obtained on these objections. The trial court went off the record apparently to prepare its instructions or answer to the jury=s note. On the record, the State indicated approval of the proposed answer or instructions. The trial court again went off the record. Upon a return to the record, appellant reiterated her previous objections to the proposed instructions. She also asked the trial court to respond to the jury=s first question. The objections were overruled. At this point, the court reporter=s record concluded with regard to the trial court=s instructions or note to the jury, if any. The court=s supplemental charge or note to the jury was not read into the record. Whether the court=s note to the jury was withdrawn or delivered to the jury is not reflected by the appellate record. There was no compliance with article 36.27 by communicating with the jury in open court. Tex. Code Crim. Proc. Ann. art. 36.27 (West 1981). Earlier, the trial court had disdained bringing the jury into the courtroom.

The State answers that it cannot respond to appellant=s contention because its search of the clerk=s transcript failed to show any communication from the trial court to the jury after it retired to deliberate. The district clerk has responded to this Court=s order by certifying that no jury note or court=s supplemental charge to the jury appears in the clerk=s record of the instant cause.

Appellant filed a motion for a new trial complaining in part about the trial court=s response to the jury=s note during deliberations. The motion was overruled by operation of law and nothing was done to adduce facts not in the record. *See* Tex. R. App. P. 21.2.

This Court cannot decide cases based on speculation about matters not shown in the record, *see Green v. State*, 912 S.W.2d 189, 192 (Tex. Crim. App. 1995), or based on assumptions and estimates about the record. *Jenkins v. State*, 912 S.W.2d 793, 821 (Tex. Crim. App. 1995). Matters not present in the record generally provide no basis for an appellate court to make a decision, and the mere allegation of the existence of other facts may not be considered on appeal. *McDonald v. State*, 64 S.W.3d 86, 89 (Tex. App.CAustin 2001, no pet.). The second point of error is overruled.

**The Motion To Dismiss**

In her third point of error, appellant presents the question, AWhether or not the trial court erred in denying the motion to dismiss for the destruction of exculpatory and mitigating evidence.@ Appellant calls our attention to a pretrial ruling on her motion to dismiss prosecution because of the loss of a videotape.

At the pretrial hearing, appellant=s counsel told the visiting judge that counsel had been informed by the State that a videotape taken of appellant in the intoxilyzer room at the Denton County Sheriff=s office had been lost; that it was customary in Denton County for these videotapes to be made when an accused is taken to the intoxilyzer room; and that such tapes could be a defense counsel=s Abest friend or worst enemy.@ Counsel argued that he Abelieved@ the lost videotape would be Aour best friend@ and would disclose exculpatory and mitigating evidence. Without producing evidence, counsel moved to dismiss the case. Appellant=s counsel made no showing that the evidence was favorable and material, or that the prosecution had acted in bad faith.

The prosecutor asserted that the case law did not require an acquittal because of the absence of a videotape in a DWI case. He stated there was a videotape made at the scene of the arrest. The prosecutor explained that both the on-the-scene tape and the intoxilyzer room tapes normally are retaped onto another tape, and when the arresting officer discovered that only the on-the-scene tape had been retaped, he was unable to locate the intoxilyzer room tape. The prosecutor informed the court that the officer would testify at trial about his search for the missing tape, and argued that no bad faith had been shown. The trial court overruled the pretrial motion to dismiss, and it is this action that appellant claims is error.

At trial and on direct examination, Trooper Barnes identified the on-the-scene videotape made from his patrol car and it was admitted into evidence. Barnes testified that a second videotape of appellant was made in the intoxilyzer room. He explained that it is normal practice to Adub@both tapes onto another tape called Athe D.A.=s copy.@ Later, when Barnes was watching the D.A.=s copy, he realized the second tape was missing. Barnes then searched his desk and could not find appellant=s intoxilyzer room videotape. He related that the tapes are erased and used again. He believed that he inadvertently recorded over the tape in question. Barnes testified that he had not erased the tape purposefully and had not acted maliciously.

On cross-examination, Barnes admitted that the tape was lost, erased, and that it was an important piece of evidence in the case since appellant was facing prison time. When counsel asked, AWe don=t know what was on that tape, and we can=t tell the jury now, can we?@ Barnes answered, AI know what was on the tape, sir.@ Counsel then had Barnes acknowledge that the missing tape would probably be

**9**

more accurate than a report made by Barnes some days later. At no time during trial did appellant ask for further relief after the overruling of the pretrial motion.

In closing jury argument, appellant=s counsel used the lost tape to his advantage, pointing out to the jury that it had been deprived of valuable evidence before having to decide whether to send someone to the penitentiary, and mocking the State=s claims of erasure and accident. Counsel added, AI think if the State approaches these cases with that cavalier a manner, that should be reflected in your verdict as well.@ Obviously, appellant made much use of the fact that the videotape had been lost.

*Jackson v. State*, 50 S.W.3d 579 (Tex. App.CFort Worth 2001, pet. ref=d), reviewed lost evidence claims. The court stated:

> The State has a duty to preserve exculpatory evidence. *California v. Trombetta*, 467 U.S. 479, 488-89, 104 S.Ct. 2528, 2534, 81 L.Ed.2d 413 (1984); *see also Mahaffey v. State*, 937 S.W.2d 51, 53 (Tex. App.CHouston [1st Dist.] 1996, no pet.). When an accused complains of lost evidence, he must show that the evidence lost is both material and favorable to him. *United States v. Valenzuela-Bernal*, 458 U.S. 858, 873, 102 S.Ct. 3440, 3449, 73 L.Ed.2d 1193 (1982); *Mahaffey*, 937 S.W.2d at 53. AA showing that the lost evidence might have been favorable does not meet the materiality standard.@ *Hebert v. State*, 836 S.W.2d 252, 254 (Tex. App. CHouston [1st Dist.] 1992, pet. ref=d) (emphasis omitted); *see also Gamboa v. State*, 774 S.W.2d 111, 112 (Tex. App.CFort Worth 1989, pet. ref=d). In addition, the accused must show that the State acted in bad faith when it failed to preserve the evidence in order to show a violation of due process or due course of law. *Arizona v. Youngblood*, 488 U.S. 51, 58, 109 S.Ct. 333, 337, 102 L.Ed.2d 281 (1988) (due process); *Mahaffey*, 937 S.W.2d at 53 (due course of law).

*Jackson*, 50 S.W.3d at 588-89.

In the instant case, much like *Mahaffey*, appellant merely asserted that the missing videotape might have had exculpatory value. 937 S.W.2d at 55. At the pretrial hearing on the motion to

dismiss, appellant=s counsel stated that he Abelieved@ the missing tape would be our Abest friend.@ Appellant=s argument has the same effect as saying the evidence *might* have been exculpatory. AThis showing does not meet the materiality standard.@ *Id*. (citing *Hebert*, 836 S.W.2d at 254).

Further, appellant has not demonstrated that the Department of Public Safety or Trooper Barnes erased the tape in bad faith. The only evidence on this element was Barnes=s testimony that he did not erase the tape purposely and had not acted maliciously. Because appellant had not demonstrated the exculpatory value of the missing tape, or shown that the law enforcement authorities acted in bad faith, appellant=s third point of error is overruled.

### The Instructed Verdict Motion

In her fourth point of error, appellant presents the question: AWhether or not the trial court erred in denying the motion for instructed verdict based on a failure of proof of the enhancement paragraphs of the indictment.@ As noted, the indictment alleged two prior misdemeanor driving or operating a motor vehicle while intoxicated convictions which elevated the charged offense to a third degree felony. *See* Tex. Pen. Code Ann. ' 49.09(b) (West Supp. 2002). One of the prior convictions was a 1993 Denton County conviction; the other was a 1995 conviction from Tarrant County.

At the conclusion of the State=s case at the guilt/innocence stage of the trial, appellant moved for an instructed verdict of Anot guilty.@ Appellant advanced and argued several reasons in support of her motion. Her last argument was that she should be acquitted of a felony and that the case should proceed only as a misdemeanor prosecution. Appellant asserted that the State had failed to prove the 1995 Tarrant County conviction alleged for enhancement. Appellant contended that the only proof of the 1995

**11**

conviction was a certified copy of her Texas Department of Public Safety driver=s record which reflected the Tarrant County conviction. She urged that the copy (State=s exhibit number four) was hearsay and insufficient to sustain the State=s burden of proof as to the Tarrant County conviction. The trial court overruled the motion for instructed verdict in its entirety. No attack was made upon the proof underlying the other prior conviction from Denton County alleged for enhancement of punishment. Thus, appellant=s stated point of error is broader than the motion which she claims was improperly overruled.

What appellant overlooks is that the State offered proof as to the prior convictions alleged by certified copies of the judgment and sentence in each case. *See* Tex. R. Evid. 902. In addition, the State offered the testimony of a fingerprint expert who testified that appellant=s known fingerprints, which the witness had taken, were identical to the fingerprints on the certified copies of the judgment and sentences. This is a permissible method of proving prior convictions alleged for enhancement of punishment or for jurisdictional purposes. *See* 43 George E. Dix & Robert O. Dawson, *Texas Practice: Criminal Practice and Procedure* ' 38.148 (2d ed. 2001). The State proved the prior Tarrant County conviction independent of State=s exhibit number four. The trial court did not abuse its discretion in overruling the motion for an instructed verdict.

In this point of error, appellant also complains of the admission into evidence of State=s exhibit number four on the ground that the exhibit constituted hearsay. Such argument renders the point of error multifarious. Nevertheless, we shall respond to appellant=s contention by pointing out that the case law is contrary to her contention. Texas Rule of Evidence 803(8) does not render inadmissible the certified copies of an accused=s driving record complied by the Department of Public Safety as required by law. *See*

**12**

*Spaulding v. State*, 896 S.W.2d 587, 589 (Tex. App.CHouston [1st Dist.] 1995, no pet.); *Abbring v. State*, 882 S.W.2d 914, 915 (Tex. App.C Fort Worth 1994, no pet.); *Tanner v. State*, 875 S.W.2d 8, 9-10 (Tex. App.CHouston [1st Dist.] 1994, pet. ref=d).  This is best explained in *Gibson v. State*, 952 S.W.2d 569, 572 (Tex. App.CFort Worth 1997, pet. ref=d), which held that a certified copy of a partial D.P.S. driver=s record of an accused was self-authenticated and was not hearsay in view of the duty imposed by law upon the D.P.S.  The driver=s record is a ministerial document that records routine objective observations made as part of the everyday function of the D.P.S. and not for the purposes of litigation.  *Id*. at 572; s*ee also Smith v. State*, 895 S.W.2d 449, 455 (Tex. App.C Dallas 1995, pet. ref=d).

Appellant also claims in a multifarious vein that State=s exhibit number four was inadmissible because it did not reflect that the D.P.S. had received a certified copy of the judgment and sentence from the clerk of the convicting court in Tarrant County.  She relies upon *Dingler v. State*, 768 S.W.2d 305 (Tex. Crim. App. 1989), relating to the use of Apen packets@ from the prison system to prove prior convictions for enhancement of punishment.  *See* Tex. Pen. Code Ann. ' 12.42(d) (West Supp. 2002). *Dingler*, however, has been overruled by *Reed v. State*, 811 S.W.2d 582, 584 (Tex. Crim. App. 1991).[1] The fourth point of error is overruled.

---

[1] The prosecution here was conducted under the DWI or OWI enhancement statute.  *See* Tex. Pen. Code Ann. ' 49.09(b) (West Supp. 2002).  It did not involve the habitual offender statute.  *See id.* ' 12.42(d).  Section 49.09(b) does not require the State to prove prior convictions sequentially.  *See Gibson v. State*, 995 S.W.2d 693, 696 (Tex. Crim. App. 1999).  So long as both prior convictions alleged occurred before the commission of the primary offense the proof is sufficient.  *See* 43 George E. Dix & Robert O. Dawson, *Texas Practice: Criminal Practice and Procedure* ' 38.126 (2d ed. 2001).

The judgment is affirmed.


John F. Onion, Jr., Justice

Before Justices Kidd, Patterson and Onion[*]

Affirmed

Filed:   August 30, 2002

Do Not Publish

_____

[*]   Before John F. Onion, Jr., Presiding Judge (retired), Court of Criminal Appeals, sitting by assignment. *See* Tex. Gov=t Code Ann. ' 74.003(b) (West 1998).