

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-09-00281-CR

TERRY LEE FRANKLIN                                                 APPELLANT

V.

THE STATE OF TEXAS                                                      STATE

----------

FROM CRIMINAL DISTRICT COURT NO. 4 OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

Appellant Terry Lee Franklin appeals his convictions for possessing four or more but less than two hundred grams of cocaine with intent to deliver and possessing less than one gram of heroin.  In one point, he contends that the trial court abused its discretion by admitting expert testimony.  We affirm.

---

[1]See Tex. R. App. P. 47.4.

**Background Facts**

Emory Logan owns an apartment complex in Fort Worth. In March 2008, appellant was one of Logan's tenants. Prior to that month, Logan saw appellant loitering around a white sport utility vehicle (SUV) while people came to the SUV and then left it after short periods of time.

On March 29, 2008, while Fort Worth Police Department (FWPD) Officer Chris Reed was at Logan's apartment complex because of an unrelated matter, Logan called Officer Reed's attention to what Logan believed to be suspicious activity around appellant's SUV and apartment. Later that day, Officer Reed saw appellant fail to signal a turn while he was driving the SUV. Officer Reed initiated a traffic stop.

Officer Reed eventually looked through a tinted window into appellant's SUV and saw, on a console, an open beer can and a clear plastic bag that appeared to contain marijuana. Officer Reed placed appellant in the back seat of a patrol car, and upon searching the SUV, Officer Reed found a clear plastic bag containing an "off-white rock-like substance" that he believed to be cocaine. He also found pill capsules that he believed contained heroin, a glass pipe with white residue, a burnt silver spoon, and a loaded gun.

A grand jury indicted appellant for possessing with intent to deliver four or more but less than two hundred grams of cocaine and possessing less than a

gram of heroin.[2]  Appellant pled not guilty, but the jury convicted him of both offenses.  After hearing testimony regarding punishment from appellant's common-law wife, the trial court sentenced him to fifteen years' confinement for the cocaine offense and five years' confinement for the heroin offense.  He filed notice of this appeal.

### The Admissibility of Officer Blaisdell's Testimony

In his sole point, appellant contends that the trial court abused its discretion by admitting the testimony of FWPD Officer Bruce Blaisdell, whom the State called as an expert witness.  At trial, before the parties began presenting evidence, the following exchange occurred:

> [DEFENSE COUNSEL]:  . . .  [W]e're asking that there be a Daubert[3] ruling on their experts outside of the presence of the jury before any of their experts testify.
>
> . . . .
>
> [THE STATE]:  Well, I think what defense counsel is referring to is Bruce Blaisdell as listed as State's expert witness.  I don't anticipate that Officer Blaisdell would testify to specifically what the defendant's intent was.  But Officer Blaisdell would be offered for the purposes of showing, based on his history working in the narcotics division of the Fort Worth Police Department, what amounts are commonly found with people who are dealing, what those amounts are worth, and things of that nature.  I don't anticipate asking him to

---

[2]For punishment enhancement purposes, the indictment contained a notice stating that appellant had previously been convicted of voluntary manslaughter; it also alleged that the gun was used in connection with the indicted offenses.

[3]*See Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 585–98, 113 S. Ct. 2786, 2792–99 (1993); *see also Hartman v. State*, 946 S.W.2d 60, 62–63 (Tex. Crim. App. 1997) (discussing *Daubert*).

divine the intent of the defendant, mainly to educate the jury on the drug trade on the streets and amounts, quantities, and the values of those amounts.

After the State called some of its witnesses, the trial court held a hearing on the admissibility of Officer Blaisdell's testimony. While the jury was not present, Officer Blaisdell said, among other facts, that

- he is assigned to a narcotics unit in the FWPD;

- he has experience in working undercover to buy street-level amounts of illegal drugs, working in "field narcotics," which targets suspects who are "one step above a street-level dealer," and working to arrest upper-level, nationwide drug dealers;

- he has taken classes about drug distribution, and these classes taught him about the amounts of drugs that typically correspond to personal use or drug dealing; and

- he knows about particular objects that are associated with the personal use or distribution of drugs.

During cross-examination by appellant's counsel, Officer Blaisdell admitted that his opinions regarding the drug trade were not scientific or peer-reviewed. When appellant's counsel asked Officer Blaisdell what factors he used to render an opinion on whether an individual intended to deliver drugs, he said,

Of course, the most significant fact would be amounts. Also, if there's any intelligence from anyone as to whether the person is a dealer. And, obviously, if it's somebody that we've purchased drugs from before, whether there's scales, money, cell phones, circumstances surrounding their arrest.

And in most cases, you -- you don't look at one factor; you look at everything that's known to you to come up with the decision, unless, of course, there's like super large amounts, like you're talking about kilos, and obviously it's not for personal use.

4

Then, the following exchange occurred between appellant's counsel and Officer

Blaisdell:

> Q. Are you saying that you can offer expertise to a jury, to whatever fact-finder, as to whether a specific amount of drugs being possessed by an individual means that they were intending to deliver?

> A. Yes, sir.

> . . . .

> Q. And, again, you haven't been -- are you prepared to offer such an opinion in this case?

> A. If I'm asked to do so, yes, sir.

> Q. And what is that opinion?

> A. Based on what I know of the case, my opinion is that the drugs were possessed with intent to sell.

At the end of the hearing, when the trial court asked whether appellant had

an objection to Officer Blaisdell's proposed testimony, appellant's counsel said,

> Yes, Your Honor. We believe that there is no such -- I mean, this is based upon speculation. There really is no scientific body. Trying to get into somebody's mind based upon this kind of junk science is just improper, Your Honor. You've got to show that there's some reliable field that is recognized, and basically what you're doing is just letting the guy get on the stand and say, based upon his personal experience. It's more of a layer of 701 lay testimony.[4]

> But there is no body of science. It's not subject to peer review. Because he's been a cop for a long time and done a bunch of buys and supposedly say that that gives him expertise?

---

[4]*See* Tex. R. Evid. 701 (explaining that a lay witness may give opinions that are rationally based on the perception of the witness and helpful to a clear understanding of the witness's testimony or the determination of a fact in issue).

And even in the -- the cases that -- that come out, both civil and in criminal cases, it's supposed to be the exact same set of rules of evidence, that these things apply to all experts, even if they are decidedly unscientific. . . .

I know that this kind of testimony is allowed every day. That doesn't make it right. There is -- he's not qualified. What he's offering is just his opinion on what he sees. He has not established a reliable foundation.

The State responded to appellant's objection, and the trial court stated that it would admit Officer Blaisdell's testimony as long as he did not directly testify about appellant's intent.

During Officer Blaisdell's testimony in front of the jury, he gave a detailed description of his education and experience in investigating drug offenses, repeated some of what he said during the evidentiary hearing, and talked about other various facts that supported his conclusion that eight to fourteen grams of cocaine is an amount indicating intent to distribute rather than intent to use.[5] While Officer Blaisdell was testifying in front of the jury, appellant again objected several times to Officer Blaisdell's expert qualifications, but appellant did not object to the general relevancy of Officer Blaisdell's testimony or to the

---

[5]As noted by appellant, Officer Blaisdell testified about his experience in discovering "massive quantities of drugs," performing wiretaps, and finding money associated with drug dealing. He also talked about other miscellaneous facts; for example, he said that there were 690 open citizen complaints about drugs in Fort Worth and that ingesting pure heroin could cause death.

usefulness of the testimony to the jury.[6]  *See* Tex. R. Evid. 702 ("If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education may testify thereto in the form of an opinion or otherwise.").  On appeal, appellant argues that Officer Blaisdell's testimony was inadmissible because (1) it was largely based on hearsay; (2) the jury was as qualified to form an opinion about appellant's intent to deliver as Officer Blaisdell was, and Officer Blaisdell's testimony was therefore "simply gratuitous"; (3) it was not relevant under rules of evidence 401 and 402; and (4) the evidence should have been excluded under rule of evidence 403 because it was unfairly prejudicial and misleading.

To preserve a complaint for our review, a party must have presented to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling if they are not apparent from the context of the request, objection, or motion.  Tex. R. App. P. 33.1(a)(1); *Mosley v. State*, 983 S.W.2d 249, 265 (Tex. Crim. App. 1998) (op. on reh'g), *cert. denied*, 526 U.S. 1070 (1999).  Further, the trial court must have ruled on the request, objection, or motion, either expressly or implicitly, or the complaining party must have objected to the trial court's refusal to rule.  Tex. R. App. P. 33.1(a)(2); *Mendez v. State*,

---

[6]Appellant asserted one relevance-based objection to a question about whether drugs typically come from suppliers in this country or another country. The trial court sustained that objection.

7

138 S.W.3d 334, 341 (Tex. Crim. App. 2004). Preservation of error is a systemic requirement that this court should review on its own motion. *Archie v. State*, 221 S.W.3d 695, 698 (Tex. Crim. App. 2007).

An objection preserves only the specific ground cited. Tex. R. App. P. 33.1(a)(1)(A); *Bell v. State*, 938 S.W.2d 35, 54 (Tex. Crim. App. 1996) (overruling an appellant's points because an "objection stating one legal basis may not be used to support a different legal theory on appeal"), *cert. denied*, 522 U.S. 827 (1997); *Rezac v. State*, 782 S.W.2d 869, 870 (Tex. Crim. App. 1990); *see Ludwig v. State*, 969 S.W.2d 22, 27 (Tex. App.—Fort Worth 1998, pet. ref'd) ("If counsel objects on an incorrect ground at trial and is overruled, but later cites the correct ground to the appellate court, it will be too late."); *Gibson v. State*, 952 S.W.2d 569, 570–71 (Tex. App.—Fort Worth 1997, pet. ref'd) (holding that an appellant forfeited his complaint on appeal about an exhibit not being certified because he objected at trial about an improper predicate and relevancy); *see also Stewart v. State*, 995 S.W.2d 251, 258 (Tex. App.—Houston [14th Dist.] 1999, no pet.) (holding that an appellant's challenge to an expert's testimony was not preserved because the appellant contended at trial only that the expert was not qualified but argued on appeal that the testimony was unreliable and irrelevant).

The objections urged by appellant at trial, which related to the reliability of Officer Blaisdell's testimony and the foundation of his expertise, do not match the reasons offered on appeal that the testimony should have been excluded.

Therefore, we hold that appellant has not preserved his arguments concerning Officer Blaisdell's testimony, and we overrule his sole point.

## Conclusion

Having overruled appellant's only point, we affirm the trial court's judgments.


TERRIE LIVINGSTON
CHIEF JUSTICE


PANEL:  LIVINGSTON, C.J.; DAUPHINOT and MCCOY, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  December 9, 2010