02-09-281-CR 













 



 

 

 

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

 

NO. 02-09-00281-CR

 

 


 
 
 Terry Lee Franklin
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 The State of Texas
 
 
  
 
 
 STATE 
 
 


 

 

------------

 

FROM Criminal District Court No. 4
OF Tarrant COUNTY

------------

MEMORANDUM OPINION[1]

----------

          Appellant Terry Lee Franklin appeals
his convictions for possessing four or more but less than two hundred grams of
cocaine with intent to deliver and possessing less than one gram of
heroin.  In one point, he contends that
the trial court abused its discretion by admitting expert testimony.  We affirm.

Background Facts

          Emory Logan owns an apartment complex
in Fort Worth.  In March 2008, appellant
was one of Logan’s tenants.  Prior to
that month, Logan saw appellant loitering around a white sport utility vehicle
(SUV) while people came to the SUV and then left it after short periods of
time.

          On March 29, 2008, while Fort Worth
Police Department (FWPD) Officer Chris Reed was at Logan’s apartment complex because
of an unrelated matter, Logan called Officer Reed’s attention to what Logan
believed to be suspicious activity around appellant’s SUV and apartment.  Later that day, Officer Reed saw appellant
fail to signal a turn while he was driving the SUV.  Officer Reed initiated a traffic stop.

          Officer Reed eventually looked through
a tinted window into appellant’s SUV and saw, on a console, an open beer can
and a clear plastic bag that appeared to contain marijuana.  Officer Reed placed appellant in the back
seat of a patrol car, and upon searching the SUV, Officer Reed found a clear
plastic bag containing an “off-white rock-like substance” that he believed to
be cocaine.  He also found pill capsules
that he believed contained heroin, a glass pipe with white residue, a burnt
silver spoon, and a loaded gun.

          A
grand jury indicted appellant for possessing with intent to deliver four or
more but less than two hundred grams of cocaine and possessing less than a gram
of heroin.[2]  Appellant pled not guilty, but the jury
convicted him of both offenses.  After
hearing testimony regarding punishment from appellant’s common-law wife, the
trial court sentenced him to fifteen years’ confinement for the cocaine offense
and five years’ confinement for the heroin offense.  He filed notice of this appeal.

The
Admissibility of Officer Blaisdell’s Testimony

          In
his sole point, appellant contends that the trial court abused its discretion
by admitting the testimony of FWPD Officer Bruce Blaisdell, whom the State called as an expert witness.  At trial, before the parties began presenting
evidence, the following exchange occurred:

          [DEFENSE COUNSEL]:  . . . 
[W]e’re asking that there be a Daubert[[3]]
ruling on their experts outside of the presence of the jury before any of their
experts testify.

 

          . . . .

 

          [THE STATE]:  Well, I think what defense counsel is
referring to is Bruce Blaisdell as listed as State’s
expert witness.  I don’t anticipate that Officer
Blaisdell would testify to specifically what the
defendant’s intent was.  But Officer Blaisdell would be offered for the purposes of showing,
based on his history working in the narcotics division of the Fort Worth Police
Department, what amounts are commonly found with people who are dealing, what
those amounts are worth, and things of that nature.  I don’t anticipate asking him to divine the
intent of the defendant, mainly to educate the jury on the drug trade on the
streets and amounts, quantities, and the values of those amounts.

 

          After the State called some of its
witnesses, the trial court held a hearing on the admissibility of Officer Blaisdell’s testimony. 
While the jury was not present, Officer Blaisdell
said, among other facts, that

·                   
he
is assigned to a narcotics unit in the FWPD;

 

·                   
he
has experience in working undercover to buy street-level amounts of illegal
drugs, working in “field narcotics,” which targets suspects who are “one step
above a street-level dealer,” and working to arrest upper-level, nationwide
drug dealers;

 

·                   
he
has taken classes about drug distribution, and these classes taught him about the
amounts of drugs that typically correspond to personal use or drug dealing; and

 

·                   
he knows about particular objects that are
associated with the personal use or distribution of drugs.

 

During
cross-examination by appellant’s counsel, Officer Blaisdell
admitted that his opinions regarding the drug trade were not scientific or
peer-reviewed.  When appellant’s counsel
asked Officer Blaisdell what factors he used to
render an opinion on whether an individual intended to deliver drugs, he said, 

Of course, the most significant fact would be
amounts.  Also, if there’s any
intelligence from anyone as to whether the person is a dealer.  And, obviously, if it’s somebody that we’ve
purchased drugs from before, whether there’s scales, money, cell phones,
circumstances surrounding their arrest.  

          And in
most cases, you -- you don’t look at one factor; you look at everything that’s known
to you to come up with the decision, unless, of course, there’s like super
large amounts, like you’re talking about kilos, and obviously it’s not for
personal use.

Then,
the following exchange occurred between appellant’s counsel and Officer Blaisdell:

          Q.  Are you saying that you can offer expertise
to a jury, to whatever fact-finder, as to whether a specific amount of drugs
being possessed by an individual means that they were intending to deliver?

          A.  Yes, sir.

          . . . .

          Q.  And, again, you haven’t been -- are you
prepared to offer such an opinion in this case?

          A.  If I’m asked to do so, yes, sir.

          Q.  And what is that opinion?

          A.  Based on what I know of the case, my opinion
is that the drugs were possessed with intent to sell.

          At
the end of the hearing, when the trial court asked whether appellant had an
objection to Officer Blaisdell’s proposed testimony,
appellant’s counsel said,

Yes, Your Honor.  We believe that there is no such -- I mean,
this is based upon speculation.  There
really is no scientific body.  Trying to get
into somebody’s mind based upon this kind of junk science is just improper, Your Honor.  You’ve
got to show that there’s some reliable field that is recognized, and basically
what you’re doing is just letting the guy get on the stand and say, based upon
his personal experience.  It’s more of a
layer of 701 lay testimony.[[4]]

          But there
is no body of science.  It’s not subject
to peer review.  Because he’s been a cop
for a long time and done a bunch of buys and supposedly say that that gives him
expertise?

          And even
in the -- the cases that -- that come out, both civil and in criminal cases, it’s
supposed to be the exact same set of rules of evidence, that these things apply
to all experts, even if they are decidedly unscientific. . . .

          I know
that this kind of testimony is allowed every day.  That doesn’t make it right.  There is -- he’s not qualified.  What he’s offering is just his opinion on
what he sees.  He has not established a
reliable foundation.

The State responded to appellant’s objection,
and the trial court stated that it would admit Officer Blaisdell’s
testimony as long as he did not directly testify about appellant’s intent.

          During
Officer Blaisdell’s testimony in front of the jury, he
gave a detailed description of his education and experience in investigating
drug offenses, repeated some of what he said during the evidentiary hearing, and
talked about other various facts that supported his conclusion that eight to
fourteen grams of cocaine is an amount indicating intent to distribute rather
than intent to use.[5] While
Officer Blaisdell was testifying in front of the
jury, appellant again objected several times to Officer Blaisdell’s
expert qualifications, but appellant did not object to the general relevancy of
Officer Blaisdell’s testimony or to the usefulness of
the testimony to the jury.[6]  See
Tex. R. Evid. 702 (“If scientific, technical, or
other specialized knowledge will assist the trier of
fact to understand the evidence or to determine a fact in issue, a witness
qualified as an expert by knowledge, skill, experience, training, or education
may testify thereto in the form of an opinion or otherwise.”).  On appeal, appellant argues that Officer Blaisdell’s testimony was inadmissible because (1) it was largely
based on hearsay; (2) the jury was as qualified to form an opinion about
appellant’s intent to deliver as Officer Blaisdell
was, and Officer Blaisdell’s testimony was therefore
“simply gratuitous”; (3) it was not relevant under rules of evidence 401 and
402; and (4) the evidence should have been excluded under rule of evidence 403
because it was unfairly prejudicial and misleading.

          To
preserve a complaint for our review, a party must have presented to the trial
court a timely request, objection, or motion that states the specific grounds
for the desired ruling if they are not apparent from the context of the
request, objection, or motion.  Tex. R.
App. P. 33.1(a)(1); Mosley v. State, 983 S.W.2d 249, 265 (Tex. Crim. App. 1998) (op. on
reh’g), cert.
denied, 526 U.S. 1070 (1999). 
Further, the trial court must have ruled on the request, objection, or
motion, either expressly or implicitly, or the complaining party must have
objected to the trial court’s refusal to rule. 
Tex. R. App. P. 33.1(a)(2); Mendez v. State, 138 S.W.3d 334, 341
(Tex. Crim. App. 2004).  Preservation of
error is a systemic requirement that this court should review on its own
motion.  Archie v. State, 221 S.W.3d 695, 698
(Tex. Crim. App. 2007).

          An objection
preserves only the specific ground cited. 
Tex. R. App. P. 33.1(a)(1)(A); Bell
v. State, 938 S.W.2d 35, 54 (Tex. Crim. App. 1996) (overruling an
appellant’s points because an “objection stating one legal basis may not be
used to support a different legal theory on appeal”), cert. denied, 522 U.S. 827 (1997); Rezac v. State, 782 S.W.2d 869, 870 (Tex. Crim. App. 1990); see Ludwig v. State, 969 S.W.2d 22,
27 (Tex. App.—Fort Worth 1998, pet. ref’d) (“If
counsel objects on an incorrect ground at trial and is overruled, but later
cites the correct ground to the appellate court, it will be too late.”); Gibson v. State, 952 S.W.2d 569, 570–71
(Tex. App.—Fort Worth 1997, pet. ref’d) (holding that
an appellant forfeited his complaint on appeal about an exhibit not being
certified because he objected at trial about an improper predicate and
relevancy); see also Stewart v. State,
995 S.W.2d 251, 258 (Tex. App.—Houston [14th Dist.] 1999, no pet.) (holding that an appellant’s challenge to an expert’s testimony
was not preserved because the appellant contended at trial only that the expert
was not qualified but argued on appeal that the testimony was unreliable and
irrelevant).

          The objections
urged by appellant at trial, which related to the reliability of Officer Blaisdell’s testimony and the foundation of his expertise,
do not match the reasons offered on appeal that the testimony should have been
excluded.  Therefore, we hold that
appellant has not preserved his arguments concerning Officer Blaisdell’s testimony, and we overrule his sole point.

Conclusion

          Having
overruled appellant’s only point, we affirm the trial court’s judgments.

 

 

TERRIE LIVINGSTON
CHIEF JUSTICE

 

 

PANEL:  LIVINGSTON, C.J.;
DAUPHINOT and MCCOY, JJ.

 

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

                                                              

DELIVERED:  December 9, 2010











[1]See Tex. R. App. P. 47.4.





[2]For punishment enhancement
purposes, the indictment contained a notice stating that appellant had
previously been convicted of voluntary manslaughter; it also alleged that the
gun was used in connection with the indicted offenses.





[3]See Daubert v.
Merrell Dow Pharm., Inc., 509 U.S. 579, 585–98, 113 S. Ct. 2786, 2792–99
(1993); see also Hartman v. State,
946 S.W.2d 60, 62–63 (Tex. Crim. App. 1997) (discussing Daubert).





[4]See Tex. R. Evid.
701 (explaining that a lay witness may give opinions that are rationally based
on the perception of the witness and helpful to a clear understanding of the
witness’s testimony or the determination of a fact in issue).





[5]As
noted by appellant, Officer Blaisdell testified about
his experience in discovering “massive quantities of drugs,” performing
wiretaps, and finding money associated with drug dealing.  He also talked about other miscellaneous
facts; for example, he said that there were 690 open citizen complaints about
drugs in Fort Worth and that ingesting pure heroin could cause  death.





[6]Appellant
asserted one relevance-based objection to a question about whether drugs
typically come from suppliers in this country or another country.  The trial court sustained that objection.