**Claude Oliver WHITE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 07–81–0016–CR.**

Court of Appeals of Texas, Amarillo.

March 30, 1982.

Discretionary Review Refused June 9, 1982.

Storrs, Woodburn & Stokes, Douglas R. Woodburn, Amarillo, for appellant.

Danny Hill, Dist. Atty., Amarillo, for appellee.

Before DODSON, COUNTISS and BOYD, JJ.

DODSON, Justice.

Claude Oliver White, the appellant, was charged by indictment with the offense of aggravated robbery. The jury convicted the appellant of the offense charged in the indictment and assessed his punishment at confinement in the Texas Department of Corrections for life and additionally assessed a fine of $5,000. Appealing with three grounds of error, the appellant claims the trial court erred: (1) by refusing to dismiss the indictment because of an alleged violation of the Texas Speedy Trial Act; (2) by admitting certain evidence at the trial; and (3) by charging the jury that the State had a lesser burden of proof than established in the indictment. The appellant also untimely filed a pro se brief. Concluding that the appellant's grounds of error and pro se brief do not present cause for disturbing the judgment, we affirm.

The appellant alleges in his first ground of error that he was not afforded a speedy trial pursuant to the Texas Speedy Trial Act, Art. 32A.02, Tex.Code Crim.Pro.Ann. (Vernon Supp.1981). Under §§ 1(1) and 2(a) of that Act, the State must be ready for trial within 120 days of the date of an accused felon's arrest if the accused is arrested prior to being indicted. The appellant was arrested on 21 September 1979, prior to being indicted. Trial was commenced on 28 January 1980, more than 120 days after the arrest.

On 31 December 1979, the State filed an "Announcement of Ready and Motion for Preferential Setting," in which it requested a preferential setting on or before 18 January 1980 in order to comply with the Texas Speedy Trial Act. On 3 January 1980, the trial judge set the trial for 10 January 1980. A pretrial hearing was scheduled for 4 January 1980. On that date, defendant moved to reset the pretrial hearing, alleging that art. 28.01 § 2, Tex.Code Crim.Pro.Ann. (Vernon Supp.1981), had not been complied with. He contended that all pretrial motions had to be filed seven days prior to the pretrial hearing, and that he was entitled to that seven days, plus an additional ten days in which to prepare his motions. The State announced that it was ready to proceed with the case whenever the court wanted to try it. The court rescheduled the pretrial hearing for 21 January 1981 and the trial for 28 January 1981. At the pretrial hearing on 21 January 1981, the appellant moved for dismissal on the basis that he had not received a speedy trial. His motion was overruled.

■ Under the Texas Speedy Trial Act, a criminal defendant indicted for a felony is not entitled to a dismissal simply because he is not tried within 120 days. The Texas Speedy Trial Act addresses itself to prosecutorial delay rather than the judicial process as a whole. *Barfield v. State*, 586 S.W.2d 538, 541 (Tex.Cr.App.1979). What the Act requires is that the prosecutor be *prepared* for trial within 120 days, not that the accused actually be tried by the court within that time. *Id.* *See also* Clinton,

*Speedy Trial—Texas Style*, 33 Baylor L.Rev. 707, 743–47 (1981).

■ In the present case, the prosecutor announced at least twice that he was ready for trial within 120 days of the appellant's arrest: by his formal announcement of ready filed on 31 December 1979, and by his statement in open court on 3 January 1980 that he was ready to proceed with the case whenever the court wanted to try it. These declarations constituted a *prima facie* showing of conformity to the Act. *Barfield*, at 542. This showing is not conclusive if the accused submits evidence which demonstrates that the State was not ready for trial during the Act's time limits. *Id.* In the present case, however, the appellant submitted no evidence to that effect. The appellant's first ground of error is overruled.

The appellant's second ground of error is that "[t]he trial court erred in allowing into evidence property seized from an alleged co-principal when the co-principal was not shown to have acted together with appellant in the commission of the property offense, and the property was not identified by the alleged victim as having been the money stolen from her."

The facts giving rise to this claim are as follows: At 11:00 p. m. on 21 September 1979, a man and a woman entered the Bunny Club on Amarillo Boulevard in Amarillo. Thelma Dalton, the owner of the establishment and the prosecutrix in this case, was the only other person in the club at that time. After exchanging small talk with Mrs. Dalton, the woman, who was wearing a blue scarf, said, "Lady, you're fixing to be robbed and he's going to do it." Mrs. Dalton thereupon turned her attention to the man and discovered that he was holding a gun on her. The man said that he "wanted the money." She pushed a security button as she opened the cash register, gave him the money in the register ($241.85) and, at his request, placed the money in a bank bag. The man then asked her for her wallet, and she handed it to him. He gave the wallet to his companion. As the couple left, the man said, "Don't stick your head out of

the door or I'll shoot." Mrs. Dalton heeded this advice and waited for the police to arrive.

Edith Dodson testified that on 21 September 1979 she worked at the Outsider Lounge. Shortly after 11:00 p. m. that evening, the appellant came into the lounge. A woman wearing a blue scarf followed, about four or five steps behind. The two sat down at the bar and ordered beer. After a few minutes had passed, the woman mentioned that she was going to the restroom and headed in that direction. She returned to the bar five to ten minutes later.

A few minutes later, a customer said that something was wrong with the restroom. The owner of the lounge, Larry Grantz, proceeded to the restroom, where the water was running in the toilet. He took the top off the tank and discovered Thelma Dalton's wallet lodged under the stopper.

At Grantz's request, Mrs. Dodson called Mrs. Dalton and informed her that her billfold was at the lounge. Mrs. Dalton replied that she had just been robbed and asked if Mrs. Dodson had recently waited on a man and a lady. Mrs. Dodson replied affirmatively. A short while later, the appellant and his companion were arrested at the Outsider Lounge. The couple was taken to the Bunny Club, where Mrs. Dalton identified the appellant as the man who had robbed her, but was unable at that time to identify his companion as the woman who had been with him during the robbery.

At trial, the State introduced into evidence, over the appellant's objection, $105.00 in five-dollar bills, $70.00 in ten-dollar bills, a two-dollar bill, and $2.50 in change. These items were taken from the appellant's companion following the arrest. Mrs. Dalton had previously testified that the amount stolen from her had included $70.00 in ten-dollar bills, $110.00 in five-dollar bills, $8.00 in one-dollar bills, and $13.85 in change, and that her wallet had contained, among other things, a two-dollar bill.

■ Under the second ground of error, the appellant argues first that the money discovered on his companion was not admissible into evidence against him, that the fruits of the crime discovered on one principal can be admitted against the other *only* where the State proves the co-principal actors participated together in the commission of an offense. In support of this proposition, the appellant cites *Dickson v. State*, 492 S.W.2d 267 (Tex.Cr.App.1973), and *Bennett v. State*, 450 S.W.2d 652 (Tex.Cr.App. 1969). *Dickson* and *Bennett* stand for the proposition that where the prosecution of one actor is founded on his participation in the crime as principal, it is not error to admit into evidence fruits of the crime found on the person of another actor-principal. *Dickson*, at 272.

The evidence shows that, before leaving the scene of the robbery, the appellant handed Mrs. Dalton's wallet to a woman who was wearing a blue scarf. Within a matter of minutes, the appellant entered the Outsider Lounge with a woman who was wearing a blue scarf. The woman said she was going to the restroom, and she headed in that direction minutes before the toilet in the woman's restroom began to malfunction due to the fact that Mrs. Dalton's wallet was blocking the stopper. This evidence, though circumstantial, is sufficient to link the appellant with his companion as co-principal. The first argument under ground two is overruled.

■ Under the second ground of error, the appellant further contends that the money was inadmissible because the proper chain of custody was not established, inasmuch as Mrs. Dalton was not shown the money at trial and did not identify it as the money which was stolen from her. As stated in *Pryor v. State*, 449 S.W.2d 482, 484 (Tex.Cr.App.1969):

> As a general rule, * * * an object offered in evidence should not be rejected simply because it is not positively identified as the exact object that was connected with the crime or found in the possession of the accused.

Even assuming, arguendo, that the questioned evidence was inadmissible, we are persuaded that under the circumstances of this case, its admission does not constitute reversible error. The State does not rely on the questioned evidence to sustain the appellant's conviction. Although Mrs. Dalton was not asked by the State to identify the money as that taken from her, her testimony and other evidence in the record is ample and sufficient, standing alone, to support the appellant's conviction for aggravated robbery. The questioned evidence merely corroborates this other evidence. The second ground of error is overruled.

The appellant contends in his final ground of error that the trial court committed fundamental error by charging the jury that the State had a lesser burden of proof than that established in the indictment. The indictment alleges, in part, that the appellant

> did then and there knowingly *and* intentionally threaten *and* place Thelma Dalton in fear of imminent bodily injury *and* death, and did then and there knowingly *and* intentionally use *and* exhibit a deadly weapon, to wit" [*sic*] a handgun. [Emphasis added.]

The trial court authorized conviction if the jury were to find, in part, that the appellant

> did then and there knowingly *or* intentionally threaten *or* place Thelma Dalton in fear of imminent bodily injury *or* death, and did then and there knowingly *or* intentionally use *or* exhibit a deadly weapon, to wit, a handgun. [Emphasis added.]

It is well settled that it is not error to plead in the conjunctive and charge in the disjunctive. *Cowan v. State*, 562 S.W.2d 236, 240 (Tex.Cr.App.1978). The appellant's third ground of error is overruled.

The appellant has also filed two pro se briefs. Neither was timely filed under Section 9 of art. 40.09, Tex.Code Crim.Pro.Ann. (Vernon Supp.1981). Nevertheless, we have reviewed the two briefs and, having done so, have concluded that they present no grounds for disturbing the judgment.

The judgment is affirmed.