**Ennes Ralph ABBRING, Appellant.**

v.

**The STATE of Texas, State.**

No. 2–93–231–CR.

Court of Appeals of Texas,
Fort Worth.

Aug. 24, 1994.

Lollar, Phillips, Factor & Blanco, P.C., Abe Factor, Fort Worth, for appellant.

Tim Curry, Crim. Dist. Atty., Stuart Brooks, Asst. Fort Worth, for appellee.

Before HILL, C.J., and HICKS and FARRAR, JJ.

## OPINION

HILL, Chief Justice.

Ennes Ralph Abbring appeals his conviction by a jury of the offense of driving while intoxicated. The jury assessed his punishment at one year's confinement in the Tarrant County jail and a fine of $1,000. Abbr-

ing contends in four points of error that the trial court erred in permitting the State's prosecutor to comment on his postarrest silence and in admitting three State's exhibits, consisting of a document pertaining to Abbring's arrest, a Department of Public Safety driving record, and a judgment and sentence indicating a conviction for driving while intoxicated.

We affirm because: (1) where, as here, the defendant testifies at trial, comment by the prosecutor may impugn his testimony by reference to his prearrest silence; (2) his silence was prearrest when judged by the standard set in the United States Supreme Court's opinion in *Berkemer v. McCarty*, 468 U.S. 420, 104 S.Ct. 3138, 82 L.Ed.2d 317 (1984); (3) the record showing Abbring's arrest for driving while intoxicated was properly admitted because it was connected to other records showing that Abbring was convicted in connection with the arrest; (4) Abbring's driving record was properly admitted because we conclude that the admission into evidence of a properly certified driving record kept by the Texas Department of Public Safety is not barred by the hearsay rule; and (5) both State's exhibit six, Abbring's driving record, and State's exhibit seven, the court's judgment showing Abbring's conviction for driving while intoxicated and an order discharging him from probation, were shown by the evidence presented to be those of Abbring, the defendant and appellant here.

■ Abbring contends in point of error number one that the trial court erred by allowing the prosecutor to comment on his postarrest silence. While comment on post-arrest silence is improper, a defendant's pre-arrest silence is a constitutionally permissible area of inquiry. *Waldo v. State*, 746 S.W.2d 750, 755 (Tex.Crim.App.1988) (prearrest silence is a constitutionally permissible area of inquiry); *Sanchez v. State*, 707 S.W.2d 575, 578 (Tex.Crim.App.1986) (comment on post-arrest silence is improper).

■ The United States Supreme Court has held that insofar as the United States Constitution is concerned, a person temporarily detained pursuant to a traffic stop is not "in custody" for the purposes of a requirement that he receive a *Miranda* warn-ing. *Berkemer*, 468 U.S. at 440, 104 S.Ct. at 3150, 82 L.Ed.2d at 334–35; *Wicker v. State*, 740 S.W.2d 779, 786 (Tex.Crim.App.1987), *cert. denied*, 485 U.S. 938, 108 S.Ct. 1117, 99 L.Ed.2d 278 (1988). The Supreme Court in *Berkemer* held that this was true even if the arresting officer had already decided to arrest the accused, if the officer had not informed the accused of his intention. *Berkemer*, 468 U.S. at 441–42, 104 S.Ct. at 3151, 82 L.Ed.2d at 335–36. Consequently, the Court concluded, any statements that the defendant made could be used against him at trial. *Id.* at 442, 104 S.Ct. at 3152, 82 L.Ed.2d at 336. In this case, just as in *Berkemer*, the defendant had become the focus of inquiry and was not free to go, but the officer had not communicated to Abbring any definite intention to make an arrest.

■ The United States Supreme Court has held that neither the Fifth nor the Fourteenth Amendments to the United States Constitution are violated by the use of prearrest silence to impeach a witness's credibility. *Jenkins v. Anderson*, 447 U.S. 231, 235, 239–40, 100 S.Ct. 2124, 2127, 2129–30, 65 L.Ed.2d 86, 92, 95–96 (1980). Abbring testified in this case. While the prosecutor did not seek to use his silence to impeach Abbring while he was testifying, in making the comments complained of in argument the prosecutor was using Abbring's silence to impeach him after he had testified. We hold that the principle in both instances is the same, so that, where the defendant has testified, his prearrest silence may be used to impeach him in final argument as a proper summation of the evidence.

Abbring argues that the silence in question was postarrest silence rather than prearrest silence, occurring at a time at which he should have received a *Miranda* warning. He relies upon the case of *Newberry v. State*, 552 S.W.2d 457 (Tex.Crim.App.1977). In *Newberry* the Texas Court of Criminal Appeals held that the defendant's rights under *Miranda* had arisen prior to the defendant's formal arrest for driving while intoxicated. *Id.* at 461. However, the *Newberry* opinion was written many years prior to the opinion of the United States Supreme Court in *Ber-*

*kemer.* Since *Berkemer,* the Texas Court of Criminal Appeals has acknowledged that the protection afforded by *Miranda* is inapplicable in those situations involving only roadside questioning of one stopped pursuant to a traffic violation. *See Wicker,* 740 S.W.2d at 786. Abbring does not discuss the *Berkemer* opinion at all in his brief. We overrule point of error number one.

Abbring urges in points of error numbers two, three, and four that the trial court erred by admitting into evidence at the punishment phase of the trial three exhibits that relate to his arrest and conviction for driving while intoxicated in Dallas County.

■ Abbring complains in point of error number two that the trial court erred by admitting into evidence State's exhibit number five, a document that reflects an arrest for driving while intoxicated on March 13, 1985, of one Ennes Ralph Abbring, license number 12108128. It contains a photograph and fingerprints of the person arrested.

Abbring objected to this exhibit "because all it shows is a charge of investigation, INV slash DWI" and because it was not linked with State's exhibit seven, the judgment of a Dallas County criminal court showing that one Ennes Ralph Abbring, in cause number MA85–39598–A, was convicted of driving while intoxicated, was given probation, and that he was subsequently discharged from probation.

State's exhibit six is the driving record of Ennes Ralph Abbring, license number 12108128. This record shows a probated conviction for driving while intoxicated in Dallas County court, docket number MA8539598A.

State's exhibit seven is the judgment of the Dallas County criminal court in cause number MA85–39598–A, showing the conviction of Ennes Ralph Abbring of the offense of driving while intoxicated, showing that he was placed on probation, and showing that his probation was subsequently discharged.

Other testimony established by fingerprint comparison that Abbring is the same Ennes Ralph Abbring who was arrested for driving while intoxicated in Dallas County on March 13, 1985, as noted in State's exhibit five.

Fingerprint records show that Abbring was the person arrested for driving while intoxicated on March 13. Abbring's driver's license number shows that State's exhibit six is his driving record, which in turn shows that he is the person convicted of driving while intoxicated in Dallas County in cause number MA85–39598–A. We consider the fact that State's exhibit five, taken alone, does not show that Abbring had such a conviction is of no consequence where the connection is shown by other evidence.

■ Abbring also argues on appeal that any probative value of the exhibit was substantially outweighed by the danger of unfair prejudice. We first note that, contrary to Abbring's assertion that he made an objection on this basis at trial, we have examined the record at the location to which Abbring refers us, and to other portions of the record, and we cannot locate where Abbring might have made such an objection to State's exhibit five. We note that he did make such an objection to State's exhibit seven. Consequently, we hold that Abbring waived this basis for his point of error. In any event, as well as we can determine any argument on this basis was contingent on Abbring's assertion that the arrest record was not tied to a conviction. We overrule point of error number two.

Abbring urges in point of error number three that the trial court erred by admitting into evidence State's exhibit six, his driving record. He contends that the exhibit was hearsay and not connected to Abbring. He made both of these objections at trial. We first observe, as discussed above, that the evidence did show that the driving record was that of Abbring, through the fingerprint evidence proving that Abbring was the subject of the arrest shown by exhibit five and the coincidence of the driver's license numbers showing that the driving record reflected by State's exhibit six was the record of the subject of the arrest reflected by State's exhibit five.

■ We now consider Abbring's claim that the trial court erred in admitting his driving record because it was hearsay. Abbring's driving record is a record of the

Texas Department of Public Safety setting forth matters observed pursuant to duty imposed by law and as to which matters the department had a duty to report. Consequently, they are not excludable under the hearsay rule. TEX.R.CRIM.EVID. 803(8). Inasmuch as the document was a copy certified by its custodian to be correct, it required no extrinsic evidence of authenticity in order to be admissible. TEX.R.CRIM.EVID. 902(4). Abbring contends that the record reflects that the portion of the exhibit dealing with his conviction is not a record of the department. As the document reflects, however, the showing of Abbring's conviction is part of the department's record. We overrule point of error number three.

Abbring insists in point of error number four that the trial court erred by admitting State's exhibit seven, the trial court's judgment showing his conviction for driving while intoxicated and an order discharging him from probation in his Dallas County conviction for driving while intoxicated. His sole contention is that there was no link between him and the exhibit. As previously discussed, the testimony did show that Abbring was the same person who was convicted of driving while intoxicated in Dallas County as shown by State's exhibits five, six, and seven. We overrule Abbring's point of error four.

The judgment is affirmed.