02-10-437-CR









 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NO. 02-10-00437-CR

 

 


 
 
 Eugene Thomas McLamore
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 The State of Texas
 
 
  
 
 
 STATE
 
 


 

 

----------

FROM THE County
Court at Law OF Wise COUNTY

----------

MEMORANDUM
OPINION[1]

----------

I.  Introduction

          In
three points, Appellant Eugene Thomas McLamore appeals his conviction and
sentence for driving with an invalid license.  We will affirm.

II.  Background

          On
October 2, 2009, a Boyd police officer stopped the vehicle that McLamore was driving.
 The officer arrested McLamore after contacting dispatch and learning that McLamore’s
driver’s license had been suspended for refusing to provide a breath specimen
in the context of a prior DWI.  A jury convicted McLamore of driving with an
invalid license and sentenced him to thirty days’ confinement and a $1,000
fine.

III.  Motion
to Quash

          In
his first point, McLamore argues that the trial court erred by denying his
pretrial motion to quash the information.  He contends that the information did
not give him sufficient notice of the State’s theory against which he had to
defend and did not meet the code of criminal procedure’s sufficiency requirements
because it did not allege that his driver’s license had been suspended under Texas
law.

          An
accused is guaranteed the right to be informed of the nature and cause of the
accusations against him in all criminal actions.  U.S. Const. amend. VI; Tex.
Const. art. I, § 10; see State v. Moff, 154 S.W.3d 599, 601
(Tex. Crim. App. 2004).  This constitutional mandate requires that the charging
instrument convey adequate notice from which the accused may prepare his
defense.  Moff, 154 S.W.3d at 601.  The code of criminal procedure also contains
guidelines relating to the sufficiency of an information.  See, e.g., Tex.
Code Crim. Proc. Ann. art. 21.03 (“Everything should be stated in an indictment
which is necessary to be proved.”), art. 21.04 (“The certainty required in an
indictment is such as will enable the accused to plead the judgment that may be
given upon it in bar of any prosecution for the same offense.”) (West 2009);[2]
see also id. § 21.21 (West 2009) (setting out requisites of
information).  Generally, a charging instrument that tracks the language of a
criminal statute possesses sufficient specificity to provide a defendant with
notice of a charged offense.  State v. Edmond, 933 S.W.2d 120, 128 (Tex.
Crim. App. 1996).  A motion to quash should be granted only when the language
regarding the accused’s conduct is so vague or indefinite that it fails to give
the accused adequate notice of the acts he allegedly committed.  DeVaughn v.
State, 749 S.W.2d 62, 67 (Tex. Crim. App. 1988).  We review de novo a
trial court’s ruling on a motion to quash an information.  See Moff,
154 S.W.3d at 601.

          The
transportation code provides that a person commits the offense of driving with
an invalid license if the person “operates a motor vehicle on a highway”
“during a period that the person’s driver’s license . . . is
suspended . . . under any law of this state.”  See Tex. Transp.
Code Ann. § 521.457(a)(2) (West Supp. 2011).  The information in this case
states in relevant part as follows:

Eugene Thomas Mclamore, Defendant, did then
and there intentionally or knowingly operate a motor vehicle upon a public
highway during a period that the Texas Class C license of the defendant
was suspended or revoked under Chapter 724, Transportation Code.

McLamore
complains that the information is fundamentally defective for failing to refer
to chapter 724 of the Texas Transportation Code.  We disagree.  The
information closely tracked the language of section 521.457(a)(2) and was
sufficient to inform McLamore that he had allegedly committed the offense of driving
with an invalid license.  As for the portion of the information that referred
to “Chapter 724, Transportation Code,” it could have served dual purposes.  One,
it identified the “law of this state”—as required by section 521.457(a)(2)—under
which McLamore’s license had been suspended.  See id.  McLamore’s
argument that the allegation could have referred to a suspension under the
transportation code of some other state ignores section 521.457(a)(2)’s
unambiguous language requiring that the suspension be performed under any law
of “this state.”  Also, as the State points out, the allegation addressed the
requirement that if a statute identifies more than one method by which it can
be violated, the State is required to specify the method or methods by which it
intends to prove that the accused violated the statute.  See Sparkman
v. State, 997 S.W.2d 660, 665 (Tex. App.—Texarkana 1999, no pet.) (citing Drumm
v. State, 560 S.W.2d 944, 946–47 (Tex. Crim. App. 1977)).  The State’s
identification of chapter 724 of the transportation code effectively alleged an
offense implicating section 521.457(f-1) of the transportation code, which elevates
the offense from a class C misdemeanor to a class B misdemeanor if
the State shows at trial that the defendant’s driver’s license was suspended as
a result of an offense involving the operation of a motor vehicle while the
defendant was intoxicated.  See Tex. Transp. Code Ann. § 521.457(f-1).

          We
cannot conclude that the information was so vague or indefinite that it failed
to give McLamore adequate notice of the acts that he allegedly committed.  See
Edmond, 933 S.W.2d at 128; DeVaughn, 749 S.W.2d at 67.  Accordingly,
we hold that the trial court did not err by denying McLamore’s motion to quash
the information.  We overrule McLamore’s first point.

IV.  Admission
of Driving Record

          In
his second point, McLamore argues that the trial court abused its discretion by
admitting in evidence a certified copy of his Texas Department of Public Safety
(TDPS) driving record.  McLamore contends that the evidence (1) violated
his Sixth Amendment right to confrontation, (2) is hearsay, and (3) is
insufficient to show that his driver’s license was suspended.

          In
addition to objecting that the State did not lay the proper predicate for
admitting his driving record, McLamore objected that the exhibit was hearsay,
contained irrelevant extraneous information, and was more prejudicial than
probative.[3]  McLamore did not assert
an objection on the confrontation or insufficiency grounds that he now raises
on appeal.  Consequently, he did not preserve those arguments for appellate
review.  See Tex. R. App. P. 33.1(a)(1), (2); Reyna v. State, 168
S.W.3d 173, 179 (Tex. Crim. App. 2005) (stating that hearsay objection does not
preserve error on Confrontation Clause grounds).

          Regarding
McLamore’s hearsay argument, this court has previously held that a certified
copy of a person’s TDPS driving record is admissible as an exception to the
hearsay rule under rule of evidence 803(8)(B) and is self-authenticating under
rule 902(4).  See Tex. R. Evid. 803(8)(B), 902(4); Abbring v. State,
882 S.W.2d 914, 916–17 (Tex. App.—Fort Worth 1994, no writ); see also Gibson
v. State, 952 S.W.2d 569, 572 (Tex. App.—Fort Worth 1997, pet. ref’d).  Accordingly,
we hold that the trial court did not abuse its discretion by admitting the
certified copy of McLamore’s driving record.  We overrule McLamore’s second
point.

V.  Punishment Charge

          In
his third point, McLamore argues that the trial court erred by instructing the
jury to assess his punishment within the range of a class B misdemeanor.  He
contends that he could not have been convicted of a class B misdemeanor
because there was no evidence that his driver’s license was suspended for an
offense involving the operation of a motor vehicle while he was intoxicated.  See
Tex. Transp. Code Ann. § 521.457(f-1).

          In
our review of a jury charge, we first determine whether error occurred; if
error did not occur, our analysis ends.  See Abdnor v. State, 871 S.W.2d
726, 731–32 (Tex. Crim. App. 1994); see also Sakil v. State, 287 S.W.3d
23, 25–26 (Tex. Crim. App. 2009).

          As
already explained, driving with an invalid license is a class C
misdemeanor unless “it is shown [at] . . . trial . . .
that the license of the person has previously been suspended as the result of
an offense involving the operation of a motor vehicle while intoxicated.”  Tex.
Transp. Code Ann. § 521.457(f-1).  If the State makes that showing,
the offense is a class B misdemeanor.  Id.

          Here,
the State sought to convict McLamore of the class B misdemeanor of driving
with an invalid license by alleging that he operated a motor vehicle on a
public highway when his license was suspended under chapter 724 of the
transportation code.  Chapter 724 of the transportation code contains Texas’s
implied consent statutes that control suspension of a driver’s license when
a driver who is arrested for DWI refuses to provide a breath sample.  See
Tex. Transp. Code Ann. §§ 724.011(a), 724.035(a) (West 2011).  Indeed,
under section 724.011(a)’s plain and unambiguous language, a person is deemed
to have consented to submit to the taking of a breath or blood specimen if the
person “is arrested for an offense arising out of acts alleged to have
been committed while the person was operating a motor vehicle in a
public place . . . while intoxicated.”  Compare
id. § 724.011(a) (emphasis added) with id. § 521.457(f-1). 
If a person refuses the request to submit a specimen, TDPS shall “suspend the
person’s license to operate a motor vehicle.”  Id. § 724.035(a)(1).

          At
trial, the State showed that McLamore’s driver’s license was suspended under
chapter 724 because he had refused to provide a specimen for testing in the
context of a prior DWI.  In other words, the State showed that McLamore’s
driver’s license was suspended for refusing a request to submit to the taking
of a specimen (section 724.035(a)(1)), which under chapter 724’s framework,
occurred in the context of an arrest for an offense arising out of acts alleged
to have been committed while he was operating a motor vehicle while intoxicated
(section 724.011(a)).  Consequently, the State made the required showing under
transportation code section 521.457(f-1), and McLamore was convicted of a class B
misdemeanor, not a class C misdemeanor.  We decline McLamore’s implied
invitation to consider the facts demonstrating his section 724.035(a)(1) suspension
in a vacuum, mutually exclusive from the statutory context in which the
suspension occurred—an arrest for operating a motor vehicle while intoxicated. 
We hold that the trial court did not err in its punishment charge to the jury,
and we overrule McLamore’s third point.

VI.  Conclusion

          Having
overruled all of McLamore’s points, we affirm the trial court’s judgment.

 

BILL MEIER
JUSTICE

 

PANEL: 
GARDNER,
MCCOY, and MEIER, JJ.

 

DO
NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED:  April 12, 2012









[1]See Tex. R. App. P. 47.4.





[2]Articles 21.03 and 21.04
speak in terms of the specificity of an indictment, but “[t]he rules with
respect to allegations in an indictment and the certainty required apply also
to an information.”  Tex. Code Crim. Proc. Ann. art. 21.23 (West 2009).





[3]The State agreed to redact
the exhibit.