

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-10-00437-CR

EUGENE THOMAS MCLAMORE                                    APPELLANT

V.

THE STATE OF TEXAS                                              STATE

----------

### FROM THE COUNTY COURT AT LAW OF WISE COUNTY

----------

### MEMORANDUM OPINION[1]

----------

## I. INTRODUCTION

In three points, Appellant Eugene Thomas McLamore appeals his conviction and sentence for driving with an invalid license. We will affirm.

---

[1]*See* Tex. R. App. P. 47.4.

## II. BACKGROUND

On October 2, 2009, a Boyd police officer stopped the vehicle that McLamore was driving. The officer arrested McLamore after contacting dispatch and learning that McLamore's driver's license had been suspended for refusing to provide a breath specimen in the context of a prior DWI. A jury convicted McLamore of driving with an invalid license and sentenced him to thirty days' confinement and a $1,000 fine.

## III. MOTION TO QUASH

In his first point, McLamore argues that the trial court erred by denying his pretrial motion to quash the information. He contends that the information did not give him sufficient notice of the State's theory against which he had to defend and did not meet the code of criminal procedure's sufficiency requirements because it did not allege that his driver's license had been suspended under Texas law.

An accused is guaranteed the right to be informed of the nature and cause of the accusations against him in all criminal actions. U.S. Const. amend. VI; Tex. Const. art. I, § 10; *see State v. Moff*, 154 S.W.3d 599, 601 (Tex. Crim. App. 2004). This constitutional mandate requires that the charging instrument convey adequate notice from which the accused may prepare his defense. *Moff*, 154 S.W.3d at 601. The code of criminal procedure also contains guidelines relating to the sufficiency of an information. *See, e.g.,* Tex. Code Crim. Proc. Ann. art. 21.03 ("Everything should be stated in an indictment which is necessary to be

proved."), art. 21.04 ("The certainty required in an indictment is such as will enable the accused to plead the judgment that may be given upon it in bar of any prosecution for the same offense.") (West 2009);[2] *see also id.* § 21.21 (West 2009) (setting out requisites of information). Generally, a charging instrument that tracks the language of a criminal statute possesses sufficient specificity to provide a defendant with notice of a charged offense. *State v. Edmond*, 933 S.W.2d 120, 128 (Tex. Crim. App. 1996). A motion to quash should be granted only when the language regarding the accused's conduct is so vague or indefinite that it fails to give the accused adequate notice of the acts he allegedly committed. *DeVaughn v. State*, 749 S.W.2d 62, 67 (Tex. Crim. App. 1988). We review de novo a trial court's ruling on a motion to quash an information. *See Moff*, 154 S.W.3d at 601.

The transportation code provides that a person commits the offense of driving with an invalid license if the person "operates a motor vehicle on a highway" "during a period that the person's driver's license . . . is suspended . . . under any law of this state." *See* Tex. Transp. Code Ann. § 521.457(a)(2) (West Supp. 2011). The information in this case states in relevant part as follows:

> **Eugene Thomas Mclamore**, Defendant, did then and there intentionally or knowingly operate a motor vehicle upon a public highway during a period that the Texas Class C license of the

---

[2]Articles 21.03 and 21.04 speak in terms of the specificity of an indictment, but "[t]he rules with respect to allegations in an indictment and the certainty required apply also to an information." Tex. Code Crim. Proc. Ann. art. 21.23 (West 2009).

defendant was suspended or revoked under Chapter 724, Transportation Code.

McLamore complains that the information is fundamentally defective for failing to refer to chapter 724 of the *Texas* Transportation Code. We disagree. The information closely tracked the language of section 521.457(a)(2) and was sufficient to inform McLamore that he had allegedly committed the offense of driving with an invalid license. As for the portion of the information that referred to "Chapter 724, Transportation Code," it could have served dual purposes. One, it identified the "law of this state"—as required by section 521.457(a)(2)—under which McLamore's license had been suspended. *See id.* McLamore's argument that the allegation could have referred to a suspension under the transportation code of some other state ignores section 521.457(a)(2)'s unambiguous language requiring that the suspension be performed under any law of "this state." Also, as the State points out, the allegation addressed the requirement that if a statute identifies more than one method by which it can be violated, the State is required to specify the method or methods by which it intends to prove that the accused violated the statute. *See Sparkman v. State*, 997 S.W.2d 660, 665 (Tex. App.—Texarkana 1999, no pet.) (citing *Drumm v. State*, 560 S.W.2d 944, 946–47 (Tex. Crim. App. 1977)). The State's identification of chapter 724 of the transportation code effectively alleged an offense implicating section 521.457(f-1) of the transportation code, which elevates the offense from a class C misdemeanor to a class B misdemeanor if the State shows at trial that the defendant's driver's

license was suspended as a result of an offense involving the operation of a motor vehicle while the defendant was intoxicated.  *See* Tex. Transp. Code Ann. § 521.457(f-1).

We cannot conclude that the information was so vague or indefinite that it failed to give McLamore adequate notice of the acts that he allegedly committed. *See Edmond*, 933 S.W.2d at 128; *DeVaughn*, 749 S.W.2d at 67.  Accordingly, we hold that the trial court did not err by denying McLamore's motion to quash the information.  We overrule McLamore's first point.

## IV. ADMISSION OF DRIVING RECORD

In his second point, McLamore argues that the trial court abused its discretion by admitting in evidence a certified copy of his Texas Department of Public Safety (TDPS) driving record.  McLamore contends that the evidence (1) violated his Sixth Amendment right to confrontation, (2) is hearsay, and (3) is insufficient to show that his driver's license was suspended.

In addition to objecting that the State did not lay the proper predicate for admitting his driving record, McLamore objected that the exhibit was hearsay, contained irrelevant extraneous information, and was more prejudicial than probative.[3]  McLamore did not assert an objection on the confrontation or insufficiency grounds that he now raises on appeal.  Consequently, he did not preserve those arguments for appellate review.  *See* Tex. R. App. P. 33.1(a)(1),

---

[3]The State agreed to redact the exhibit.

5

(2); *Reyna v. State*, 168 S.W.3d 173, 179 (Tex. Crim. App. 2005) (stating that hearsay objection does not preserve error on Confrontation Clause grounds).

Regarding McLamore's hearsay argument, this court has previously held that a certified copy of a person's TDPS driving record is admissible as an exception to the hearsay rule under rule of evidence 803(8)(B) and is self-authenticating under rule 902(4). *See* Tex. R. Evid. 803(8)(B), 902(4); *Abbring v. State*, 882 S.W.2d 914, 916–17 (Tex. App.—Fort Worth 1994, no writ); *see also Gibson v. State*, 952 S.W.2d 569, 572 (Tex. App.—Fort Worth 1997, pet. ref'd). Accordingly, we hold that the trial court did not abuse its discretion by admitting the certified copy of McLamore's driving record. We overrule McLamore's second point.

### V. Punishment Charge

In his third point, McLamore argues that the trial court erred by instructing the jury to assess his punishment within the range of a class B misdemeanor. He contends that he could not have been convicted of a class B misdemeanor because there was no evidence that his driver's license was suspended for an offense involving the operation of a motor vehicle while he was intoxicated. *See* Tex. Transp. Code Ann. § 521.457(f-1).

In our review of a jury charge, we first determine whether error occurred; if error did not occur, our analysis ends. *See Abdnor v. State*, 871 S.W.2d 726, 731–32 (Tex. Crim. App. 1994); *see also Sakil v. State*, 287 S.W.3d 23, 25–26 (Tex. Crim. App. 2009).

As already explained, driving with an invalid license is a class C misdemeanor unless "it is shown [at] . . . trial . . . that the license of the person has previously been suspended as the result of an offense involving the operation of a motor vehicle while intoxicated." Tex. Transp. Code Ann. § 521.457(f-1). If the State makes that showing, the offense is a class B misdemeanor. *Id*.

Here, the State sought to convict McLamore of the class B misdemeanor of driving with an invalid license by alleging that he operated a motor vehicle on a public highway when his license was suspended under chapter 724 of the transportation code. Chapter 724 of the transportation code contains Texas's implied consent statutes that control suspension of a driver's license *when a driver who is arrested for DWI* refuses to provide a breath sample. *See* Tex. Transp. Code Ann. §§ 724.011(a), 724.035(a) (West 2011). Indeed, under section 724.011(a)'s plain and unambiguous language, a person is deemed to have consented to submit to the taking of a breath or blood specimen if the person "is arrested for an *offense* arising out of acts alleged to have been committed while the person was *operating a motor vehicle* in a public place . . . *while intoxicated*." *Compare id.* § 724.011(a) (emphasis added) *with id.* § 521.457(f-1). If a person refuses the request to submit a specimen, TDPS shall "suspend the person's license to operate a motor vehicle." *Id.* § 724.035(a)(1).

At trial, the State showed that McLamore's driver's license was suspended under chapter 724 because he had refused to provide a specimen for testing in

7

the context of a prior DWI. In other words, the State showed that McLamore's driver's license was suspended for refusing a request to submit to the taking of a specimen (section 724.035(a)(1)), which under chapter 724's framework, occurred in the context of an arrest for an offense arising out of acts alleged to have been committed while he was operating a motor vehicle while intoxicated (section 724.011(a)). Consequently, the State made the required showing under transportation code section 521.457(f-1), and McLamore was convicted of a class B misdemeanor, not a class C misdemeanor. We decline McLamore's implied invitation to consider the facts demonstrating his section 724.035(a)(1) suspension in a vacuum, mutually exclusive from the statutory context in which the suspension occurred—an arrest for operating a motor vehicle while intoxicated. We hold that the trial court did not err in its punishment charge to the jury, and we overrule McLamore's third point.

## VI. CONCLUSION

Having overruled all of McLamore's points, we affirm the trial court's judgment.

BILL MEIER
JUSTICE

PANEL: GARDNER, MCCOY, and MEIER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: April 12, 2012